UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL A. MUNNINGS | * | CIVIL ACTION NO. 3:17-cv-0310 |
| Plaintiff, | * | JUDGE:  JWD |
| versus | * | MG. JUDGE:  RLB |
| TERRY BURR, KNIGHT TRANSPORTATION INC. and TRANSFER INSURANCE BROKERS | * | **JURY TRIAL** |
| | * | |
| Defendants. | * | |
| * * * * * * * * * * * * | * | |

## PRE-TRIAL ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Pretrial Conference was conducted in this proceeding by John W. deGravelles, United States District Judge, on the 13th day of December 2018.

**PRESENT:**

> **BRIAN D. KATZ**
> Appeared as Trial Counsel for Plaintiff:
>   Michael Munnings
>
> **GUY D. PERRIER and JEAN E. LAVIDALIE, JR.**
> Appeared as Trial Counsel for Defendants:
>   Terry Burr and Knight Transportation, Inc.

## 1.   JURISDICTION

This matter was removed to Federal Court pursuant to the diversity of citizenship, 28 USC §1332.

## 2.  MOTIONS

There are no pending motions, although Motions *in Limine* may be filed by December 17, 2018, the cut-off date for same.

Additionally, Defendants plan to file a Motion to Continue the Trial scheduled to begin on February 19, 2019.  Plaintiff will object to continuing the trial date.  Defendants intend to file a Motion to Continue because they have not been able to depose one of the parties involved in the accident on January 6, 2017, Ramsey White.  His testimony may prove valuable to the determination of the issues involved in this case.  He drove his vehicle the wrong way on the I-110 and caused the initial collision that created the hazard on the road.  Additionally, he was at the scene after both collisions.  Furthermore, he is a defendant in the Third-Party Demand filed by Defendants and Defendants are claiming his negligence as an affirmative defense to the claims of Plaintiff.  However, the Parties have not been able to depose him.  Even if the Parties can depose him, they have been informed by his defense counsel that he will invoke his constitutional rights under the Fifth Amendment as the trial for the criminal charges pending against him is not set until June 2019.

The other parties involved in this accident, the parents of Joshua Wheeler and the parents of Joseph Burnette, filed lawsuits in the 19th Judicial District Court for the Parish of East Baton Rouge, where those lawsuits are pending.  The Parties in those lawsuits named Ramsey White, a Louisiana resident, as a party-defendant.  Therefore, Defendants could not remove those two lawsuits to the U.S. District Court for the Middle District of Louisiana.  Those two lawsuits are not set for Trial.

The criminal case against Ramsey White is set for Trial on June 6, 2019 and its outcome could affect the outcome of the present and related cases.

Plaintiff will object to any continuance as the cause of the first collision between the White and Wheeler vehicles are not relevant to the duties of truck driver in the 2nd collision which occurred a minute or more after the first collision. Plaintiff contends that, based on Mr. Munnings' testimony, Mr. White's testimony would not add any relevant information.

### 3.  PLAINTIFF'S CLAIMS

Mr. Munnings was severely injured, including the amputation of his left leg, as a result of witnessing an automobile collision on I-110 northbound at or near the Government Street exit and pulling over to assist as a Good Samaritan. While assisting one of the occupants of the prior collision out of his vehicle, an 18-wheeled vehicle driven by Terry Burr and owned by Knight Transportation, Inc. crashed into the prior accident scene, knocking plaintiff from I-110 down onto a ramp below. Mr. Burr was negligent in failing to react until the last second when it is clear from dash-cam video, the physical evidence at the scene and CDR/ECM "Black Box" data that Mr. Burr could have and should have come to a stop prior to the accident scene.

Mr. Munnings sustained significant injuries, including but not limited to, the following:

a)      amputation of his left leg below the knee;

b)      left pelvic fractures;

c)      right shoulder partial thickness rotator cuff tear and labral tear;

d)      concussion/mild traumatic brain injury;

e)      right thumb IP joint dislocation;

f)      collarbone injury; right toe and ankle injury; and

g)      depression and anxiety.

Mr. Munnings has incurred approximately $324,000 in medical bills to date, and it is estimated that he will incur between $1,900,000 and $2,250,000 in future medical care. Mr.

Munnings' wage loss/earning capacity loss is estimated to be between $1,100,000 and $1,600,000.

### 4.  DEFENDANTS' CLAIMS

This lawsuit involves one accident with multiple collisions that occurred close-together in time on January 6, 2017, on the elevated portion of the I-110 at approximately 3:30 a.m.

Defendants contend that the accident occurred as a result of the negligence of Ramsey White.  White was an intoxicated driver who entered the I-110 the wrong way in Baton Rouge. The City of Baton Rouge obtained blood from White after the accident, and a blood alcohol analysis confirmed that he was intoxicated.  While intoxicated, White drove his 2008 Mitsubishi Lancer the wrong way and struck the 2010 Ford Fusion driven by Joshua Wheeler head-on. Wheeler died later at a local hospital.

As a result of this collision between White and Wheeler, the two vehicles became disabled in the last two right-side lanes of traffic on I-110.  More specifically, the dark-colored Ford Fusion came to rest in the far right or outside lane of traffic.  The Ford Fusion came to rest almost perpendicular to the highway.  The initial impact caused by the drunk driver caused significant damage to the front of the Ford Fusion.  Its headlights were heavily damaged.  The Mitsubishi Lancer came to rest in the right and second right hand lane of traffic.  It also sustained serious damage.  Neither vehicle had its emergency lights on.  In fact, neither vehicle had any lights on.

Plaintiff was driving not far behind Joshua Wheeler when the head-on impact occurred. Plaintiff saw Wheeler brake suddenly and swerved around him.  After that impact, Plaintiff stopped behind the two disabled vehicles.  Joseph Burnette, the other party involved, stopped

behind the damaged vehicles in between Plaintiff's vehicle and the two vehicles obstructing the highway. The Ford Fusion obscured vision of the vehicles behind it.

No one alerted oncoming drivers of the vehicles posing a hazard on the interstate.

Another individual, Jaime Gordon, was traveling on the I-110 and stopped behind all of the vehicles.

After their investigation, the City of Baton Rouge officers arrested the drunk driver, Ramsey White. He was later formally charged with two counts of vehicular homicide and one count of vehicular injuring. His criminal case is pending in the 19th Judicial District Court for the Parish of East Baton Rouge. He is scheduled to go to trial in June 2019.

Although Plaintiff did not include White as a party-defendant, Defendants filed a Third-Party Demand against White alleging his negligence for the accident on January 6. Defendants made a claim for property damage and loss of income against White. Defendants also alleged White's negligence as a defense to the claims of Plaintiff found in his Complaint.

On the night of the accident, Defendant, Terry Burr, was driving in the right hand lane of traffic under the speed limit. His view was obstructed by the Wheeler vehicle.. Although Mr. Burr reacted faster than most drivers would have reacted under the circumstances, he was unable to avoid striking the stopped vehicles. There is no allegation that he was speeding and he was actually traveling below the posted speed limit with his lights on.

Mr. Burr was not cited and was cleared from any wrongdoing by the Baton Rouge City Police Department's Corporal Brandon Blust and Sergeant James Pittman. They are both qualified accident reconstruction officers.

Defendants do not dispute that Plaintiff sustained past lost wages as a result of the accident, but they contend that, pursuant to the opinions of Plaintiff's own treating physicians,

Mr. Munnings has a good prognosis after he undergoes the neuroma surgery on his stump. The amount of past lost wages is at issue. He should be able to return to light work approximately 2-3 months after the hip and neuroma surgeries at maximum medical improvement, increasing thereafter to medium duty work. Therefore, he should be able to return to work similar to the type of work he was doing before the accident. Thereafter, he should not suffer from future loss of wages. The extent of his neck, low back and shoulder injuries are at issue.

### 5.  CLAIMS OF OTHER PARTIES

There are no claims of any other parties; however, there are two related State Court suits filed in the 19th Judicial District Court for the Parish of East Baton Rouge. Additionally, Defendants filed a third-party demand against the drunk driver, Ramsey White. White has not filed an Answer or made an appearance in the case. He was served with a copy of the third-party demand. However, he did not have insurance at the time of the accident. His criminal case is pending in the 19th Judicial District Court.

### 6.  ESTABLISHED FACTS

Established facts and *proposed* stipulations of counsel:

a)    There was a prior head-on collision involving vehicles driven by Ramsey White and by Joshua Wheeler.

b)    Ramsey White was traveling in the wrong direction on I-110 where he collided with Joshua Wheeler's vehicle.

c)    After passing the initial collision site, Mr. Munnings put on his hazards and exited his vehicle to assist those involved in the Wheeler/White collision.

d)    Joseph Burnette was also on the scene.

e)    A vehicle driven by Jeremy/Jessie Gordon also traveling in a northerly direction parked his vehicle just ahead of the stopped Munnings and Burnette vehicles.

f)    No one attempted to warn oncoming motorists of the initial collision between White and Wheeler.

g)    Mr. Gordon called 911.

h)    Mr. Terry Burr was driving a vehicle owned by Knight Transportation, Inc.

i)    Mr. Burr was not speeding as he traveled on the I-110.

j)    Mr. Burr was traveling in the right lane of I-110 in a northerly direction.

k)    Mr. Burr was in the course and scope of his employment with Knight Transportation at the time of this collision.

l)    The Knight Transportation vehicle was a tractor-trailer travelling from Gulfport, MS to the Coca-Cola plant in Baton Rouge.

m)    Mr. Burr had been driving this route, at approximately the time as the Munnings incident in question, five nights a week for a year prior to the incident.

n)    The area where the Wheeler/White collision took place was lit by overhead lighting.

o)    Neither the Wheeler nor the White vehicles had on their hazard lights.

p)    The Wheeler vehicle came to rest in a somewhat perpendicular manner in the outside (right) lane of travel as shown in the Knight Dash Cam video.

q)    The White vehicle came to rest in the outside lane and partially in the middle lane (second right hand lane) as shown in the Knight Dash Cam video.

r)    The headlights of the Wheeler vehicle were damaged, and all of the lights in the Wheeler vehicle were not operable after the collision with the White vehicle.

s)    The rear-lights of the White vehicle were not operable after the collision with the Wheeler vehicle.

t)    I-110 in this general area is a three-lane highway traveling in a northerly direction with additional lanes for exit and on-ramps.

u)    After Mr. Burr's vehicle collided with the Wheeler vehicle, Munnings and Burnett, the two pedestrians, were struck by one or more of the moving vehicles.

v)    Because of the collision, Mr. Munnings fell from the elevated portion of I-110 down to a ramp to the right of and below Interstate I-110.

w)    Mr. Burnette died at the scene.

x)  Mr. Munnings was transported by ambulance to Our Lady of the Lake Hospital.

y)  Mr. Munnings sought medical treatment with the following providers:

    i)  East Baton Rouge EMS

    ii)  Our Lady of the Lake Hospital

    iii)  Houston Methodist St. Catherine Hospital

    iv)  Houston Methodist West

    v)  Houston Methodist Imaging

    vi)  Southern Orthopedic Group

    vii)  Prosthetic One

    viii)  Tomball Regional Medical Center

    ix)  Katy Pain Specialists

    x)  Baylor School of Medicine

    xi)  Quality Toxicology

    xii)  Northwest Houston Cardiology

    xiii)  MKT Anesthesia

    xiv)  Huse Artificial Limb & Brace

    xv)  OP Solutions

    xvi)  Quest Diagnostics

z)  Mr. Munnings sustained the following physical injuries as a result of the incident:

    i)  Amputation of the left foot;

    ii)  Left pelvic fractures with insertion of hardware;

    iii)  Low back pain and radiculopathy of the lumbar spine;

    iv)  Neck pain;

v)    Concussion/uncomplicated mild traumatic brain injury;

vi)    Collarbone injury;

vii)    Right toe and ankle injury;

viii)    Right thumb – IP joint dislocation;

aa)    Mr. Munnings will require the following medical treatment (the list only includes treatment the parties agree upon is related to the collision):

i)    Surgical denervation or transection of the neuromas (common peroneal and tibial nerves) and burial of the nerve stumps into the muscle;

ii)    Prosthetic replacement as needed;

iii)    Medications including, but not limited to:

a)    Gabapentin for radicular symptoms;

b)    Percocet for phantom limb pain;

c)    Oxycodone for phantom limb pain;

d)    Norco for pain relief after future surgeries.

iv)    Physical therapy;

v)    Office visits to various doctors;

vi)    Laboratory and diagnostic studies.

vii)    Cognitive-behavioral therapy per Dr. Kevin Greve of 12 to 16 weekly one-hour appointments.

bb)    Mr. Munnings underwent surgery on or about January 7, 2017 to address the left leg trauma and right open thumb dislocation, including a left below the knee amputation, open reduction and internal fixation of a left acetabulum, and he underwent placement of left sacroiliac screw with left sacroiliac joint closed reduction, and place and removal of left femur skeletal traction pin.  He later underwent irrigation and drainage procedures for the stump.

cc)    On October 30, 2017, examination by Dr. Everton Edmondson at Baylor College of Medicine revealed that Munnings' gross mental status testing was normal.

dd)    The MRI of the brain done at Woodlands Open MRI & Imaging Center of Mr. Munnings on June 29, 2017 was normal.

ee)    Mr. Munnings is not making a claim for any memory or cognitive deficits problems or issues.

ff)    Mr. Munnings has been recommended to undergo a surgical procedure on his left stump.

gg)    The diagnostic tests did not reveal any herniations in the cervical or lumbar spines of Mr. Munnings.

hh)    Dr. Kevin Greve's clinical impression on Mr. Munnings was major depressive episode, adjustment disorder with mixed anxiety, and pain disorder associated with relative psychological factors, to which Dr. Kevin Greve will testify in more detail at trial, including, but not limited to the duration of those conditions.

ii)    Mr. Munnings has sustained a loss of past wages.

jj)    Mr. Munnings will incur future medical costs as a result of the injuries sustained due to the collision.

kk)    Mr. Munnings had the requisite insurance coverage to satisfy Louisiana's No-Pay No-Play law.

**DISPUTED FACTS:**

a)    The Parties dispute the liability in the case.

b)    Mr. Munnings was able to travel around the Wheeler/White collision to the left and then pull back ahead of the collision, where Mr. Munnings came to a stop.

c)    Mr. Burr did not see the Jeremy Gordon vehicle go around or by the incident scene about eight to ten seconds prior to Mr. Burr colliding with the accident scene.

d)    Mr. Burr remained in the outside lane of traffic until he collided with the Wheeler vehicle.

e)    Mr. Munnings sustained a loss of earning capacity since he has been unable to work for any extended period of time since the incident.

f)    The Parties dispute the shoulder injury is related to the accident.  Mr. Munnings claims that he sustained a right shoulder partial thickness rotator cuff tear and labral tear requiring diagnostic arthroscopy rotator cuff debridement versus repair and labral debridement versus repair.  However, the Parties may change their

positions once they have received the MRI reports and latest reports on this injury.

g)    Mr. Munnings was traveling on I-110 behind Mr. Wheeler's vehicle.

h)    Joseph Burnette arrived after Mr. Munnings.

i)    Mr. Munnings received a recommendation to undergo surgical removal of the pelvic orthopedic hardware used to stabilize the left pelvic fracture, and, this surgery may be appropriate.

## 7.  EXHIBITS

The parties reserve the right to file motions *in limine* as to statements contained in the medical records that may be irrelevant to the case at hand, such as statements in records of description of the accident provided by medical providers, which description may be hearsay or inaccurate.  The Parties are discussing redacting inflammatory information, inaccurate descriptions of the accident, and/or other information that may be irrelevant in order to avoid having to file Motions *in Limine* on these issues. The Parties also reserve the right to object under Rule 403 as to some of the pictures.

a)    Plaintiff's Exhibits:

| EXHIBIT NO. | DESCRIPTION | Grounds for Objection to Authenticity | Grounds for Objection to Admissibility |
|---|---|---|---|
| Exhibit 1 | East Baton Rouge EMS Medical Records and Bills | None as to medical or employment records | None as to medical or employment records |
| Exhibit 2 | Our Lady of the Lake Medical Records and Bills | No objection | No objection |
| Exhibit 3 | Houston Methodist St. Catherine Medical Records and Bills | No objection | No objection |
| Exhibit 4 | HEB Pharmacy Records and Bills | No objection | No objection |
| Exhibit 5 | Houston Methodist Imaging Records and Bills | No objection | No objection |
| Exhibit 6 | Houston Methodist West Hospital Medical Records and Bills | No objection | No objection |
| Exhibit 7 | Southwest Orthopedic | No objection | No objection |

|  | Group Records and Bills |  |  |
|---|---|---|---|
| Exhibit 8 | Houston Methodist Imaging Records and Bills | No objection | No objection |
| Exhibit 9 | Prosthetic One Medical Records and Bills | No objection | No objection |
| Exhibit 10 | Tomball Regional Medical Center Records and Bills | No objection | No objection |
| Exhibit 11 | Katy Pain Specialists Medical Records and Bills | No objection | No objection |
| Exhibit 12 | Baylor School of Medicine Records and Bills | No objection | No objection |
| Exhibit 13 | Quality Toxicology Records and Bills | No objection | No objection |
| Exhibit 14 | Frank's Pharmacy Records and Bills | No objection | No objection |
| Exhibit 15 | Northwest Houston Cardiology Medical Records and Bills | No objection | No objection |
| Exhibit 16 | MKT Anesthesia Medical Records and Bills | No objection | No objection |
| Exhibit 17 | Huse Artificial Limb & Brace Medical Records and Bills | No objection | No objection |
| Exhibit 18 | OP Solutions Records and Bills | No objection | No objection |
| Exhibit 19 | Walgreens Pharmacy | No objection | No objection |
| Exhibit 20 | Quest Diagnostics and Bills | No objection | No objection |
| Exhibit 21 | Medical bill summary | Object to introduction as evidence, not as demonstrative evidence, pending review of same | Object to introduction as evidence, not as demonstrative evidence, pending review of same |
| Exhibit 22 | Calculation of lost wages/earning capacity | Object to introduction as evidence, not as demonstrative evidence, pending review of same | Object to introduction as evidence, not as demonstrative |

| | | | |
|---|---|---|---|
| | | | evidence, pending review of same |
| Exhibit 23 | Scaled diagram of the scene of the collision as prepared by the Baton Rouge Police Department showing location of physical evidence and skid marks | No objection | No objection |
| Exhibit 24 | Total station measurements of Corporal Bust | No objection | No objection |
| Exhibit 25 | Total Station Measurements Placed on the Scaled Diagram which Show Distances (may be several) | No objection | No objection |
| Exhibit 26 | Dash-cam video from the Knight Transportation vehicle (without embedded date) | No objection | No objection |
| Exhibit 27 | CDR data of the Chevrolet Impala | No objection | Irrelevant |
| Exhibit 28 | ECM data from the Knight Transportation vehicle | No objection | No objection |
| Exhibit 29 | Mississippi Commercial Driver's Manual Sections | No objection | Should be a Jury Instruction |
| Exhibit 30 | Select Photographs taken by the parties during inspections, and CIA adjusters of the vehicles | No objection | No objection, except as to Rule of Evid. 403 |
| Exhibit 31 | Photographs taken by Jeremy Gordon | No objection | Rule of Evid. 403 |
| | | | |
| Exhibit 32 | Future medical cost analysis by Hegwood & Company | Object to introduction as evidence, not as demonstrative evidence, pending review of same | Object to introduction as evidence, not as demonstrative evidence, |

| | | | pending review of same |
|---|---|---|---|
| Exhibit 33 | Chart of Future Medical Costs | Object to introduction as evidence, not as demonstrative evidence, pending review of same | Object to introduction as evidence, not as demonstrative evidence, pending review of same |
| Exhibit 34 | Chart of wage loss and earning capacity loss | Object to introduction as evidence, not as demonstrative evidence, pending review of same | Object to introduction as evidence, not as demonstrative evidence, pending review of same |
| Exhibit 35 | Detection/Recognition diagram from FAMBRO | Object to introduction as evidence, not as demonstrative evidence | Irrelevant |
| Exhibit 36 | Tax Returns of Michael Munnings | No objection | No objection |
| Exhibit 37 | 2016 Invoices for work performed by Michael Munnings | No objection | |
| | | | |
| | | | |
| | | | |

  b) Defendants' Exhibits:

| EXHIBIT NO. | DESCRIPTION | Grounds for Objection to Authenticity | Grounds for Objection to Admissibility |
|---|---|---|---|
| Exhibit 1 | State of Louisiana Uniform Motor Vehicle Traffic Crash Report 1700000251, and any measurements, diagrams, analysis made part of the accident reconstruction file (Listed just in case for other reason may become | | Irrelevant; Hearsay and contains unproven allegations. The officers will testify so no need to introduce the reports |

14

| | | | |
|---|---|---|---|
| | admissible) | | |
| Exhibit 2 | State of Louisiana Uniform Motor Vehicle Traffic Crash Report 1700000315, and any measurements, diagrams, analysis made part of the accident reconstruction file (Listed just in case for other reason may become admissible) | | Same objection as Exhibit 1 |
| Exhibit 3 | Documents in the Baton Rouge Police Department File, including, any measurements, diagrams, analysis, materials used to investigate and/or reconstruct the file | No objection | No objection |
| Exhibit 4 in globo | Pictures of the Accident by Baton Rouge Police Department | No objection | No objection |
| Exhibit 5 | Scaled diagram of the scene of the collision as prepared by the Baton Rouge Police Department showing location of physical evidence and skid marks | No objection | No objection |
| Exhibit 6 | Total station measurements of Corporal Bust | No objection | No objection |
| Exhibit 7 | Smartdrive Video of the Accident without Data | No objection | No objection |
| Exhibit 8 – Laptop with Smartdrive Videos 5.1, 5.2, 5.3 | Smartdrive Videos of the Accident with Data – Laptop containing the videos with Smartdrive Program | Plaintiff reserves his rights pending completion of deposition of Smartdrive | Irrelevant and inaccurate |
| Exhibit 9 in globo | Snapshots of the Videos of the Accident with and without Data from Smartdrive | Plaintiff reserves his rights pending completion of deposition of Smartdrive | Irrelevant and inaccurate |
| Exhibit 10 | ECM data from the Knight Transportation Freightliner, including, but not limited to Detroit Diesel DDEC Reports | No objection | No objection |
| Exhibit 11 | Diagram of the accident | Plaintiff has not | Plaintiff has not seen |

| | | | |
|---|---|---|---|
| | scene prepared by Mr. Smith | seen same so plaintiff cannot take a position | same so plaintiff cannot take a position |
| Exhibit 12 | Information on DDEC by Freightliner | Plaintiff has not seen same so plaintiff cannot take a position | Plaintiff has not seen same so plaintiff cannot take a position |
| Exhibit 13 in globo | Pictures of the vehicles taken by Mr. Ben Smith | No objection | No objection |
| Exhibit 14 | Pictures of the vehicles taken by Adjuster, Donna Fancett | No objection | No objection |
| Exhibit 15 in globo | Surveillance Videos of Plaintiff by Marshall Investigative Group | No objection | No objection |
| Exhibit 16 | Notice of Withdraw Blood for Chemical Test for Intoxication | No objection | Objection as to relevancy |
| Exhibit 17 | Policy of Insurance issued by ACE American Insurance Company under Policy Number XSA H09041254 | No objection | No objection |
| Exhibit 18 | Qualcomm Positioning system, communications | No objection | No objection |
| Exhibit 19 | CDL Medical Examiners' Report/Certificate for Burr | No objection | No objection |
| Exhibit 20 | Medical records on Burr from Cornelia Swayze, Psychiatric Social Worker, and any other | No objection | No objection |
| Exhibit 21 | Records by Suresh Babu | No objection | No objection |
| Exhibit 22 | Records from Tomball Urgent Care | No objection | No objection |
| Exhibit 23 | Records from Woodlands Open MRI & Imaging Center | No objection | No objection |
| Exhibit 24 | 911 Calls | No objection | No objection |
| Exhibit 25 | ACM download data of the Chevrolet Impala | No objection | No objection |
| Exhibit 26 | Bill of Lading by Knight Transportation | No objection | No objection |
| Exhibit 27 | Clips from local news stations | Objection | Irrelevant |
| Exhibit 28 | | | |
| Exhibit 29 | Tax Returns of Michael Munnings | No objection | No objection |
| Exhibit 30 | Social Security Administration records, | No objection | No objection |

16

| | Itemized Statement of Earnings | | |
|---|---|---|---|
| Exhibit 31 | Educational records, Waller Independent School District employment records | No objection | No objection |
| Exhibit 32 | Employment records, Sealy, Inc. | No objection | No objection |
| Exhibit 33 | Employment records, Charley Toppino & Sons | No objection | No objection |
| Exhibit 34 | Employment records, CoAdvantage | No objection | No objection |
| Exhibit 35 | Employment records, Brennan State Schools | No objection | No objection |
| Exhibit 36 | Employment records, Bryant Management Company | No objection | No objection |
| Exhibit 37 | Employment records, Higging Watermelons | No objection | No objection |
| Exhibit 38 | Employment records, Corinthian, Inc. | No objection | No objection |
| Exhibit 39 | Employment records, Manpower of Texas | No objection | No objection |
| Exhibit 40 | Employment records provided by Plaintiff | No objection | No objection |
| Exhibit 41 | Any of Plaintiff's medical records and/or bills listed by Plaintiff | The Parties are working to have joint exhibits for this and others | |
| Exhibit 42 | IRS records | No objection | No objection |
| Exhibit 43 | Blue Cross / Blue Shield Records | No objection to authenticity | Irrelevant |
| Exhibit 44 | Notes by Dr. Archie Melcher, including tests by Plaintiff | No objection | Objects in that Dr. Melcher will testify at trial |
| Exhibit 45 | Louisiana State Police Crime Lab Scientific Analysis Report prepared by Madeline Cole | Authentic | Objection on relevancy |
| Exhibit 46 | Estimates of Damage to the tractor and trailer owned by Knight Transportation | As to White case | As to White case |
| Exhibit 47 | Estimates of loss of income by Knight Transportation | As to White case | As to White case |

## 8.  WITNESSES

a)      Plaintiffs Will-Call Witnesses:

      i)      Michael Munnings
            12101 Northpointe Blvd., Apt. 4101
            Tomball, Texas 77377

                        Plaintiff will testify about the incident in question, the injuries sustained, treatment received to date, and all damages sustained.

      ii)     Allison Estes
            12101 Northpointe Blvd., Apt. 4101
            Tomball, Texas 77377

                        Will testify as to the injuries sustained by Mr. Munnings and the effect on his life.

      iii)    Wayne Winkler (Expert)
            ***Winkler & Associates***
            P. O. Box 56101
            Metairie, Louisiana 70055-6101

                        Mr. Winkler is an accident reconstructionist and will testify about his reconstruction of the accident and his opinion as to the cause for same.

      iv)     Stephanie S. Haupt (Expert)
            ***Hegwood & Company***
            2017 Ormond Boulevard
            Destrehan, Louisiana 70047

                        Ms. Haupt will testify as to the vocational rehabilitation assessment performed, as well as the future medical care needed for Mr. Munnings.

      v)      Jeffrey Meyers (Expert)
            ***Asher-Meyers***
            433 Metairie Road, Suite 215
            Metairie, Louisiana 70005

                        Mr. Myers will testify as to his calculation as to the cost for future medical care and the lost wages/lost earning capacity of Mr. Munnings.

vi)    Brandon Blust, BRPD Officer
       Baton Rouge Police Department
       9000 Airline Highway
       Baton Rouge, Louisiana 70815

              Investigating officer who will testify as to his investigation
              into the incident in question and the physical evidence
              collected and observed.

vii)   Officer Pittman, BRPD Officer
       Baton Rouge Police Department
       9000 Airline Highway
       Baton Rouge, Louisiana 70815

              Supervisor to investigating officer who will testify as to his
              investigation
              into the incident in question and the physical evidence
              collected and observed.

viii)  Jeremy/Jessie Gordon
       6520 San Juan Drive
       Baton Rouge, Louisiana 70818

              Mr. Gordon will testify as to what he saw as he approached
              the incident scene and what he did to avoid same.

ix)    Terry Burr
       17415 Marian Court
       Saucier, Mississippi 39574

              Mr. Burr will testify as to his involvement in the incident in
              question.

x)     Dr. Alex Schroeder (Treating Physician)
       Houston Methodist West Houston Orthopedics
       18400 Katy Freeway, Suite 200
       Houston, Texas 77094

              Dr. Schroeder will testify by **videotape** about the shoulder injury
              sustained by Mr. Munnings and the proposed treatment for same.

xi)    Dr. Sebastian Villarreal (Treating Physician)
       Katy Pain Specialists
       24608 Kingsland Boulevard
       Katy, Texas 77494

        Dr. Villarreal will testify by **videotape** as to the pain management
        he has offered Mr. Munnings for the injuries sustained.

xii)   Dr. Anthony Echo (Treating Physician)
       6560 Fannin Street, Suite 2200
       Houston, Texas 77030

        Dr. Echo will testify by **videotape** as to the surgical procedure he
        has recommended excise the neuroma in the stump of Mr.
        Munnings's left leg.

xiii)  Dr. Kevin Greve (Expert)
       Jefferson Neurobehavioral Group
       2901 N I-10 Service Road East, Suite 300
       Metairie, Louisiana 70002

        Dr. Grieve will testify as to his diagnosis of major depressive
        disorder and anxiety of Mr. Munnings.

b)    Plaintiffs May Call Witnesses:

i)     Representative of Knight Transportation, Inc.

        This representative will testify as to the employment of Terry Burr and
        the characteristics of the truck in question.

iv)    Representative of Our Lady of the Lake Hospital
       P. O. Box 14790
       Baton Rouge, Louisiana 70898

        Will testify as to the amputation procedure performed.

Defendants' may or will call Witness:

1.    Terry Burr; (Will Call)
      17415 Marian Ct.
      Saucier, MS 39574

        He will testify about the incident in question.

2.      Representatives from Knight Transportation, Inc.; (Will Call)

3.      Michael A. Munnings (cross-examination);

4.      Ramsey L. White; (Will Call)
        30914 LA Highway 16 Unit 14C
        Denham Springs, LA 70726

        30540 Black Hills Pkwy., Apt. B
        Walker, LA 70785

        13529 Lily Avenue
        Walker, LA 70785

                He will testify about the incident in question.

5.      Sgt. Todd Bourgoyne; (May call)
        Baton Rouge Police Department
        9000 Airline Highway
        Baton Rouge, Louisiana 70815
        Telephone: (225) 389-3800

                He will testify about the incident in question, the investigation.

6.      Sgt. James Pittman, (Will Call) (Expert);
        Baton Rouge Police Department;

                He will testify about the incident in question, the investigation, and
                accident reconstruction.

7.      Cpl. Brandon Blust, (Will Call) (Expert);
        Baton Rouge Police Department;

                He will testify about the incident in question, the investigation, and
                accident reconstruction.

8.      Cpl. Louis Perry, (Will Call)
        Baton Rouge Police Department;

                He will testify about the incident in question, the investigation.

9.      Cpl. Steven H. Parks, (May call)
        Baton Rouge Police Department;

                He will testify about the incident in question, the investigation.

22

10.    Cpl. Jason Martin, (May call)
       Baton Rouge Police Department;

              He will testify about the incident in question, the investigation.

11.    Sgt. Arthur Munoz; (May call)
       Baton Rouge Police Department;

              He will testify about the incident in question, the investigation.

12.    Lt. MacDonald; (May call)
       Baton Rouge Police Department;

              He will testify about the incident in question, the investigation.

13.    Louisiana State Police Crime Lab Technician, Ashley Heard; (May call)

              He will testify about the incident in question, the investigation,
              especially as to White and his intoxication.

14.    Louisiana State Police Crime Lab Forensic Scientist, Madeline Cole; (May call)

              He will testify about the incident in question, the investigation,
              especially as to White and his intoxication.

15.    Jamie (Jesse) Gordon, (Will call) witness;
       6250 San Juan Drive
       Baton Rouge, Louisiana 70818

              He will testify as to the accident.

16.    May call any other witnesses identified by 911 calls/records, including, but not
       limited to Hayley Arceneaux

17.    A representative of Smart Drive, Jason Palmer, (May call);
       4790 Eastgate Mall, Suite 200
       San Diego, CA 92121

              He will testify about the smartdrive video.

18.    Archie Louis Melcher, III, MD, Neurologist, (May call) (Expert);
       East Jefferson Neurological Associates
       3800 Houma Blvd., Ste. 205
       Metairie, LA 70006;

He may testify regarding the injuries and treatment as an expert in neurology.  He performed an additional medical examination.

19.     Kevin W. Greve, Ph.D., ABPP/CN, Neuropsychologist (Will call) (Expert);
        Jefferson Neurobehavioral Group
        2901 N. I-10 Service Road East, Suite 300
        Metairie, LA 70002

                He may testify regarding the injuries and treatment, Plaintiff's diagnosis of depressive disorder and anxiety, duration of same.

20.     Kyle C. Girod, MD, Orthopedic Surgeon, (May call) (Expert);
        Baton Rouge Orthopaedic Clinic
        8080 Bluebonnet Blvd., Suite 1000
        Baton Rouge, LA 70810

                He may testify about Plaintiff's orthopedic condition.  He performed an additional medical examination.

21.     Eric I. Royster, MD, Pain Management, (Will call) (Expert);
        1114 Peniston St.,
        New Orleans, LA 70115

                He may testify regarding the injuries and treatment as an expert in pain management.  He performed an additional medical examination.

22. Stanford Henry McNabb, BA, LRC, CRC, CCM, CLCP, CVRS, (Will call) (Expert)
        McNabb Rehabilitation Services
        850 Kaliste Saloom Rd., Ste. 207
        Lafayette, LA 70508

                He will testify about Plaintiff's vocational rehabilitation and future medical treatment.

23.     Benjamin N. Smith, Accident Reconstructionist, (Will Call)(Expert)
        Messersschmidt Safety Consultants
        6068 U.S. Highway 98, Ste. 1-144
        Hattiesburg, MS 39402;

                He is an accident reconstructionist and will testify about his reconstruction of the accident and his opinion as to the cause for same.

25.     Nicholas Clary, Investigator, (May call)
        Marshall Investigative Group

401 Devon Avenue
Park Ridge, IL 60068

He may testify regarding the surveillance on Plaintiff.

26.    Jeffrey Meyers (Expert)
Asher-Meyers
433 Metairie Road, Suite 215
Metairie, Louisiana 70005

## 9.  AMENDMENTS & SETTLEMENT

Settlement demand has been made on defendants, and defendant has recently responded.

Plaintiff is willing to engage in mediation (either private mediation or mediation with the U.S.

Magistrate Judge).  Plaintiff expects the trial to take approximately 10 days.

## 10.  ADDITIONAL MATTERS

1)    This matter is designated as a **jury** trial.

2)    Plaintiff's presentation of evidence will require 4 to 5 days.  Defendants believe that their presentation will require 2 to 3 days.

3)    Settlement offers have been exchanged.  Plaintiff is interested in a settlement conference with the Magistrate Judge.

12/7/18
_____
**DATE**

_____
**BRIAN D. KATZ** (Bar No. 24137)
Herman Herman & Katz, L.L.C.
820 O'Keefe Avenue
New Orleans, Louisiana 70113
**Telephone:**  (504) 581-4892
**ATTORNEY FOR PLAINTIFF**

12/7/8
_____
**DATE**

_____
**GUY D. PERRIER** (Bar No. 20323)
**JEAN E. LAVIDALIE, JR.** (Bar No. 27547)
Pierre & Lacoste, L.L.C.
One Canal Place
365 Canal Street, Suite 250

25

New Orleans, Louisiana 70130
**Telephone:**   (504) 212-8820
**ATTORNEYS FOR TERRY BURR and**
**KNIGHT TRANSPORTATION, INC.**